**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)**

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK, <br><br> Plaintiff, <br><br> v. <br><br> THE COMMONS AT MILLEDGEVILLE, LLC; and PHILLIP H. CHIVERS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.

5:13-CV-417

## COMPLAINT

Plaintiff CertusBank, N.A. ("CertusBank" or "Plaintiff"), as successor by assignment to Atlantic Southern Bank ("Atlantic Southern"), hereby files this Complaint (the "Complaint") for damages against Defendants The Commons at Milledgeville, LLC ("Commons" or "Borrower") and Phillip H. Chivers ("Chivers" or "Guarantor", and together with Commons, collectively, the "Defendants"), showing the Court as follows:

### Jurisdictional Allegations

1.     Plaintiff CertusBank is a national banking association, with its principal place of business located in South Carolina.

2.     Defendant Commons is a Georgia limited liability company organized and existing pursuant to the laws of the State of Georgia, with its principal place of business at 250 Whistle Way, Apt. A., Milledgeville, Baldwin County, Georgia 31061.

3.     Commons is a citizen of every state in which each and every one of its members and layers of members is a citizen.

4.     None of the members of Commons, or layers of members of Commons, are

domiciled in the State of South Carolina.

5.      None of the members of Commons, or layers of members of Commons, are citizens of the State of South Carolina.

6.      Commons may be served through its Registered Agent, Joseph Milholen ("Milholen"), at 250 Whistle Way, Apt. A., Milledgeville, Baldwin County, Georgia 31061, or such other address where he may be found.

7.      Defendant Chivers is a citizen of the State of Georgia.

8.      Chivers may be served at 693 Dunlap Road, Suite B, Milledgeville, Baldwin County, Georgia 31061, or such other address where he may be found.

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

10.     Venue is appropriate in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(a) and LR 3, M.D. Ga.

## Facts

A.      **Loan No. 401476500 - Note 1**

11.     On or about November 4, 2009, Commons, through its members Milholen and Chivers, executed and delivered to Atlantic Southern that certain *Loan Agreement* (as amended and/or modified from time to time, "Loan Agreement 1").

12.     A true and correct copy of Loan Agreement 1 is attached hereto as Exhibit A and incorporated herein by this reference.

13.     On or about November 4, 2009, Commons, through its members Milholen and Chivers, executed and delivered to Atlantic Southern that certain *Promissory Note* in favor of

Atlantic Southern, in the principal amount of $503,250.00 (as amended and/or modified from time to time, "Note 1").

14.     A true and correct copy of Note 1 is attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

15.     On or about On or about November 4, 2009, Chivers executed that certain *Guaranty* (the "<u>Guaranty 1</u>"), pursuant to which Chivers absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by Commons to Atlantic Southern under Loan Agreement 1, Note 1, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "<u>Note 1 Loan Documents</u>").

16.     A true and correct copy of Guaranty 1 is attached hereto as <u>Exhibit C</u> and incorporated herein by this reference.

17.     CertusBank is the current holder of Note 1, Guaranty 1, and related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

18.     Note 1 matured on November 4, 2010 (the "<u>Maturity Date</u>").

19.     On or about July 6, 2012, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 1 Loan Documents to, *inter alia*, Defendants Commons and Chivers via Certified Mail and regular First Class Mail ("<u>Demand Letter 1</u>").

20.     A true and correct copy of Demand Letter 1 is attached hereto as <u>Exhibit D</u> and is incorporated herein by this reference.

21.     In Demand Letter 1, Plaintiff provided notice to Defendants pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 1 providing for payment of attorneys' fees would be

enforced if the amounts due and owing under Note 1 were not paid within ten (10) days of receipt thereof.

**B.      Loan No. 401475600 - Note 2**

22.     On or about November 4, 2009, Commons, through its members Milholen and Chivers, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement* (as amended and/or modified from time to time, "Loan Agreement 2", and together with Loan Agreement 1, collectively, the "Loan Agreements").

23.     A true and correct copy of Loan Agreement 2 is attached hereto as Exhibit E and incorporated herein by this reference.

24.     On or about November 4, 2009, Commons, through its members Milholen and Chivers, executed and delivered to Atlantic Southern that certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $266,681.92 (as amended and/or modified from time to time, "Note 2", and together with Note 1, collectively, the "Notes").

25.     A true and correct copy of Note 2 is attached hereto as Exhibit F and incorporated herein by this reference.

26.     On or about On or about November 4, 2009, Chivers executed that certain *Guaranty* (the "Guaranty 2", and together with Guaranty 1, the "Guaranties"), pursuant to which Chivers absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by Commons to Atlantic Southern under Loan Agreement 2, Note 2, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and Note 2 Loan Documents shall be collectively referred to as the "Loan Documents").

27.     A true and correct copy of Guaranty 2 is attached hereto as <u>Exhibit G</u> and incorporated herein by this reference.

28.     CertusBank is the current holder of Note 2, Guaranty 2, and related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

29.     Note 2 matured on the Maturity Date.

30.     On or about July 6, 2012, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to, *inter alia* Defendants Commons and Chivers via Certified Mail and regular First Class Mail ("<u>Demand Letter 2</u>", and collectively with Demand Letter 1, the "<u>Demand Letters</u>").

31.     A true and correct copy of Demand Letter 2 is attached hereto as <u>Exhibit H</u> and is incorporated herein by this reference.

32.     In Demand Letter 2, Plaintiff provided notice to Defendants pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 2 providing for payment of attorneys' fees would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof.

**<u>Count I</u>**

**ACTION ON NOTES AGAINST COMMONS**

33.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

34.     The Notes were executed by Commons.

35.     The Notes are valid and enforceable against Commons.

36.     Commons defaulted under the terms of the Notes and said defaults are continuing.

37.     As of October 28, 2013, Commons is indebted to CertusBank under Note 1 in the amount of $203,186.77, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

38.     As of October 28, 2013, Commons is indebted to CertusBank under Note 2 in the amount of $99,380.50, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

39.     CertusBank is entitled to recover from Commons all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $302,567.27 due and payable under the Notes as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

<u>**Count II**</u>

**BREACH OF CONTRACT AGAINST COMMONS**

40.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

41.     Commons breached its obligations under the Notes by failing to make payments as and when due, including, without limitation, full payment upon the Maturity Date.

42.     As a result of the breaches of contract described above, Commons is liable to CertusBank for the indebtedness due and owing under the Notes, which remains unpaid.

43.     CertusBank was damaged as a result of the breaches of contract described above.

44.     CertusBank is entitled to recover from Commons all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $302,567.27 due and payable under the Notes as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count III

### BREACH OF GUARANTIES AGAINST CHIVERS

45.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

46.     Chivers breached the Guaranties by failing to pay all amounts due under the Notes upon the Maturity Date.

47.     Pursuant to the section captioned "SPECIFIC AND FUTURE DEBT GUARANTY" in each of the Guaranties, Chivers "absolutely and unconditionally …guarant[eed] to [Atlantic Southern] the payment and performance of each and every Debt, of every type, purpose and description" of Commons.

48.     Pursuant to the Guaranties, Chivers is liable to CertusBank for the indebtedness due and owing under the Notes, which remains unpaid.

49.     CertusBank was damaged as a result of the breaches of contract described above.

50.     CertusBank is entitled to recover from Chivers all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $302,567.27 due and payable under the Notes as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count IV

### MONEY HAD AND RECEIVED AGAINST ALL DEFENDANTS

51.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

52.     Commons received money advanced under the Notes.

53.     Commons promised to pay the full principal amount of the Notes pursuant to the terms of the Notes.

54.     Despite demand by CertusBank for payment, Commons has not paid CertusBank amounts due and owing under the Notes.

55.     Commons is not entitled, in good conscience, to retain the money advanced under the Notes.

56.     Commons and Chivers are obliged by the ties of natural justice and equity to remit to CertusBank all monies advanced under the Notes.

57.     CertusBank is entitled to recover from the Defendants, jointly and severally, all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $302,567.27 due and payable under the Notes as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count V

### UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

58.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

59.     Atlantic Southern provided Commons a valuable service by advancing money to Commons under the Notes.

60.     Commons and Chivers requested and knowingly accepted the benefits accruing under the Notes.

61.     Receipt by Commons and Chivers of the aforementioned benefits would be unjust without compensating CertusBank.

62.     Commons and Chivers have been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Notes, plus expenses, costs, and attorneys' fees.

63.    Commons and Chivers, in fairness and good conscience, should remit to CertusBank the extent of the value conferred, which includes all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $302,567.27 due and payable under the Notes as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count VI

### ATTORNEYS' FEES AND LITIGATION COSTS
### AGAINST ALL DEFENDANTS

64.    The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

65.    Section 7 of each of the Notes provides, *inter alia*, that, "This Note is further governed by the Commercial Loan Agreement executed between [Commons] and [Atlantic Southern] as part of this Loan, as modified, amended, or supplemented."

66.    Section 9 of each of the Loan Agreements provides, *inter alia*, that, if Commons' indebtedness thereunder "is collected by or through an attorney after maturity, [Commons] agree[s] to pay 15 percent of the Principal and interest owing as attorneys' fees."

67.    Pursuant to O.C.G.A. § 13-1-11, CertusBank made demand upon the Defendants for all amounts owing under the Loan Documents and advised that failure to pay the same will cause the provisions of the Notes providing for attorneys' fees to be enforced.

68.    As of the date of this Complaint, the Defendants have failed to pay CertusBank the amounts outstanding under the Notes.

69.    CertusBank is entitled to recover from the Defendants, jointly and severally, its attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law.

**WHEREFORE,** CertusBank respectfully requests that the Court enter judgment in favor of CertusBank and against Commons and Chivers, jointly and severally, as follows:

a.      As to <u>Count I</u>: Judgment against Commons for action on the Notes in the total amount of $302,567.27 as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

b.      As to <u>Count II</u>: Judgment against Commons for breach of contract in the total amount of $302,567.27 as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

c.      As to <u>Count III</u>: Judgment against Chivers for breach of the Guaranties in the total amount of $302,567.27 as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

d.      As to <u>Count IV</u>: Recovery of money had and received by the Defendants, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, in the total amount of $302,567.27 as of October 28, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

e.      As to <u>Count V</u>: Reimbursement by the Defendants to CertusBank for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents in the total amount of $302,567.27 as of October 28, 2013,

plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

   f.  As to <u>Count VI</u>: As to all Defendants, an award of CertusBank's attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law; and

   g.  Any and all other relief the Court deems just, equitable and proper.

Dated:  October 30, 2013.     Respectfully submitted,

           <u>**/s/ Sean A. Gordon**</u>
           Sean A. Gordon
           Georgia Bar No. 777350
           **GREENBERG TRAURIG, LLP**
           Terminus 200
           3333 Piedmont Road, N.E.
           Suite 2500
           Atlanta, Georgia 30305
           (678) 553-2100 *Telephone*
           (678) 553-2212 *Facsimile*
           Email:  gordonsa@gtlaw.com

           *Attorneys for Plaintiff*